# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: MAXIM INTEGRATED PRODUCTS,
INC., PATENT LITIGATION**                                   MDL No. 2354

## TRANSFER ORDER

    **Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, patentholder Maxim Integrated Products, Inc. (Maxim) seeks centralization in the Eastern District of Texas.  This litigation currently consists of the five actions, pending in two districts, listed on Schedule A.[1]

    All responding parties oppose centralization.  Various parties[2] alternatively suggest selection of the Northern District of California as the transferee district.  Declaratory judgement plaintiffs PNC and Vanguard[3] and Eastern District of Texas defendant QVC, Inc. suggest selection of the Western District of Pennsylvania.  Declaratory judgment plaintiff Jack Henry & Assocs. and defendant First United Bank & Trust Co. suggest selection of the District of Kansas as the transferee forum or, alternatively, the Northern District of California.  Regardless of their stated forum preference, these responding parties do not oppose centralization in any of the suggested transferee forums (but they specifically oppose selection of the Eastern District of Texas).

    Maxim is the owner by assignment from Dallas Semiconductor (a wholly owned subsidiary of Maxim reportedly purchased in 2001) of five patents related to mobile commerce.[4]  Specifically,

---

    [*] Judges John G. Heyburn II and Kathryn H. Vratil did not participate in the decision of this matter.

    [1] The parties have notified the Panel of three related actions pending in the Northern District of California, the District of Massachusetts, and the Northern District of Ohio.  These actions and any other related actions are potential tag-along actions.  *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

    [2] Bank of the West; Capital One Financial Corp. (which, at oral argument, noted that plaintiff in a potential tag-along action, Clairmail, Inc., shares its position); Starbucks Corp.; Expedia, Inc.; Chipotle Mexican Grill, Inc.; Comerica, Inc.; Groupon, Inc.; Fidelity Brokerage Services LLC; KeyCorp and KeyBank, N.A.; and Union Bank, N.A. and UnionBankCal Corp..

    [3] The PNC Financial Services Group, Inc., and PNC Bank, N.A., and The Vanguard Group, Inc.

    [4] At issue in one or more actions in this litigation are the following: U.S. Patent No. 5,940,510 (the '510 patent), entitled "Transfer of Valuable Information Between a Secure Module and Another Module," U.S. Patent No. 5,949,880 (the '880 patent), entitled "Transfer of Valuable Information Between a Secure Module and Another Module," U.S. Patent No. 6,105,013 (the '013 patent), entitled "Method, Apparatus, System, and Firmware for Secure Transactions," U.S. Patent No. 6,237,095 (the '095 patent), entitled "Apparatus for Transfer of Secure Information Between a Data

- 2 -

the patents are directed to various systems and methods for performing secure transactions using mobile devices and also involve secure exchanges of information using mobile encryption and decryption and related capabilities. The actions currently before the Panel are infringement actions brought by Maxim or declaratory judgment actions brought by various parties that Maxim has asserted have infringed the patents.

The responding parties uniformly oppose centralization, principally arguing that any common factual issues among the actions are subsumed by unique factual issues presented by each defendant, including questions of contributory or induced infringement. There could very well be some variances in terms of the technology employed with the various defendants' respective mobile applications or the circumstances surrounding the alleged infringement, but "[t]ransfer under Section 1407(a) does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *See In re Rembrandt Techs., LP, Patent Litig.*, 493 F. Supp. 2d 1367, 1369 (J.P.M.L. 2007). The fourteen actions before us involve common factual questions concerning the background of the patents and the subject matter (*i.e.*, mobile applications performing secured transactions); yet, respondents appear to desire an opportunity to advance multiple, individualized – and possibly conflicting – invalidity positions that are informed by multiple non-infringement theories. We are of the view that centralization can meaningfully reduce the number of potentially inconsistent rulings and create significant efficiencies over respondents' proposed fragmented approach. Centralization will place all actions before a single judge who can preside over discovery relating to the common patents, which will inform and aid the consistent construction of the patents' claims. The transferee judge can further rule on all challenges to the validity of the patents (and accommodate such matters as a post-grant review of some of the patents' business method claims, which defendants note can be made with the Patent and Trademark Office after September 17, 2012, pursuant to Section 18 of the America Invents Act (AIA)) and otherwise streamline the pretrial proceedings.

Respondents also argue that the AIA is incompatible with centralization. While we recently held that "the America Invents Act does not alter our authority to order pretrial centralization of this litigation," *see In re Bear Creek Techs., Inc., ('722) Patent Litig.*, __ F. Supp. 2d. __, 2012 WL 1523340, *2 (J.P.M.L. May 2, 2012), respondents correctly note that the AIA's right to separate trials should be taken into account when making the decision to centralize a given litigation, inasmuch as the AIA is the new reality in patent litigation and its right to separate trials could impact the Panel's calculus regarding whether centralization benefits "the convenience of parties and witnesses" and "will promote the just and efficient conduct" of the litigation. 28 U.S.C. § 1407(a).

While the AIA changed the landscape of patent litigation – particularly the filing of actions against multiple unrelated defendants and the right to a separate trial when defendants are only accused of violating the same patent – it does not follow that the mere possibility of factual disputes regarding a particular invalidity defense or the infringement of a particular product that might need

Carrying Module and an Electronic Device," and U.S. Patent No. 5,805,702 (the '702 patent), entitled "Method, Apparatus, and System for Transferring Units of Value." The patents are part of two related patent families.

to be presented to a jury (or juries) is sufficient to deny centralization of actions otherwise involving common factual questions. Nor should such a determination automatically trump the pretrial efficiencies (notably in having a single judge construe the patent's claims, as opposed to five judges in various districts) that can be gained from centralizing this litigation.

Respondents are also wrong to read into Section 1407 a requirement that the proponent of centralization in patent litigation prove to the Panel that any factual disputes regarding common factual questions will be resolved during pretrial proceedings. As the Panel held long ago, "[t]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations." *In re: Kauffman Mutual Fund Actions*, 337 F.Supp. 1337, 1339-40 (J.P.M.L.1972).

As this litigation progresses, whether the actions are appropriate for trial, and upon what issues, will become more apparent to the transferee judge than here to the Panel at the outset of these cases, all of which were filed earlier this year. The rights afforded defendants under the joinder and trial consolidation provisions of the AIA may play a role in the transferee judge's conduct of the MDL proceedings, including the judge's determination of when a remand to the transferor court may be appropriate. For instance, prompt remand after the common claims are construed and summary judgment addressed on certain common invalidity grounds may be appropriate. But we need not decide the exact course of this litigation now. As always, we trust such matters to the sound judgment of the transferee judge.

Thus, on the basis of the papers filed and hearing session held, we find that these fourteen actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions concern factual questions surrounding the interpretation, validity and enforceability of five inter-related patents owned by Maxim and relating to secured transactions made with various mobile applications using similar devices that communicate via the Transportation Layer Security (TLS) protocol. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

We are of the view that the Western District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. This district, where a declaratory judgment action is pending, enjoys favorable caseload conditions and is relatively geographically accessible. The Western District of Pennsylvania is participating in the national Patent Pilot Program, and Judge Nora Barry Fischer is one of the judges participating in that program. Moreover, the district was an early leader in establishing Local Patent Rules, and adopting a Model Protective Order, a Model Patent Case Scheduling Order, and a standardized Joint Disputed Claim Term Chart. With these procedures in place, litigants can expect a prompt claim construction ruling. Finally, centralization in this district serves the convenience of the parties, inasmuch as three parties are either incorporated in or have their principal place of business in Pennsylvania (PNC, QVC and Vanguard), an additional five parties – including Maxim – are incorporated in the neighboring state of Delaware, and four other parties are

- 4 -

either incorporated in or have their principal place of business in nearby states, including KeyBank (Ohio), Capital One (Virginia), Fidelity (Massachusetts), and Groupon (lllinois).

      IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Pennsylvania are transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Nora Barry Fischer, for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
W. Royal Furgeson, Jr.
Acting Chairman

| | |
|---|---|
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

**IN RE: MAXIM INTEGRATED PRODUCTS,**
**INC., PATENT LITIGATION**                                   MDL No. 2354

## SCHEDULE A

### District of Colorado

Chipotle Mexican Grill, Inc. v. Maxim Integrated Products, Inc., C.A. No. 1:12-00331

### District of Kansas

Jack Henry & Associates, Inc. v. Maxim Integrated Products, Inc., C.A. No. 2:12-02018

### Eastern District of Pennsylvania

The Vanguard Group, Inc. v. Maxim Integrated Products, Inc., C.A. No. 2:12-00327

### Western District of Pennsylvania

The PNC Financial Services Group, Inc., et al. v. Maxim Integrated Products, Inc.,
    C.A. No. 2:12-00089

### Eastern District of Texas

Maxim Integrated Products, Inc. v. Starbucks Corporation, C.A. No. 4:12-00005
Maxim Integrated Products, Inc. v. Capital One Financial Corporation,
    C.A. No. 4:12-00006
Maxim Integrated Products, Inc. v. Expedia, Inc., C.A. No. 4:12-00007
Maxim Integrated Products, Inc. v. Bank of The West, C.A. No. 4:12-00010
Maxim Integrated Products, Inc. v. First United Bank & Trust Co.,
    C.A. No. 4:12-00017
Maxim Integrated Products, Inc. v. Southwest Airlines, Co., C.A. No. 4:12-00104
Maxim Integrated Products, Inc. v. Union Bank, N.A., et al., C.A. No. 4:12-00105
Maxim Integrated Products, Inc. v. QVC, Inc., C.A. No. 4:12-00106
Maxim Integrated Products, Inc. v. Comerica Inc., C.A. No. 4:12-00107
Maxim Integrated Products, Inc v. Groupon Inc., C.A. No. 4:12-00108